IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**CARRIE L. GASKINS,**

    Plaintiff,

v.                                                      CIVIL ACTION NO. 3:12-CV-81
                                                               (JUDGE GROH)

**CAROLYN W. COLVIN**[1]**,**
**Commissioner of Social Security,**

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

**I.  Procedural History**

The Plaintiff, Carrie L. Gaskins, filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act on July 25, 2008.  In the application, the Plaintiff alleged disability since April 1, 1999, which she later amended to June 1, 2007. [R. 12, 151].[2]  The Plaintiff alleged in her application that she was disabled due to fibromyalgia, heart problems, degenerative disk disease, arthritis, and bursitis. [R. 151].

The Social Security Administration denied the Plaintiff's application initially on October 10, 2008, and again upon reconsideration on February 17, 2009.  The Plaintiff

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court hereby substitutes Carolyn W. Colvin for Michael J. Astrue, the former Commissioner of Social Security, as the defendant in this suit.  *See also* 42 U.S.C. §405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

[2] All citations to the Record refer to the Administrative Record [Doc. 7].

requested a hearing, and a hearing was held on June 7, 2010, before Administrative Law Judge ("ALJ") Karl Alexander. The Plaintiff, represented by counsel, testified on her own behalf, as did Vocational Expert ("VE") Larry Kontosh. On July 14, 2010, the ALJ issued a decision, finding that the Plaintiff suffers from the following severe impairments: fibromyalgia; mild degenerative disc disease/degenerative arthritis of the cervical and thoracic spine; degenerative disc disease/degenerative arthritis of the lumbar spine with EMG and nerve conduction studies suggestive of radiculopathy; asthma; major depressive disorder, recurrent, severe; generalized anxiety disorder; somatoform disorder; and personality disorder with histrionic traits. The decision found that the Plaintiff is not under a disability as defined in the Social Security Act. The ALJ found that the Plaintiff is unable to perform any past relevant work, but retains the residual functional capacity ("RFC") to perform sedentary work: work which involves lifting no more than ten pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. 20 C.F.R. §404.1567(a). In addition, the ALJ found that the Plaintiff has some exertional and non-exertional limitations. The Appeals Council denied the Plaintiff's request for review on June 22, 2012, thus making the ALJ's decision the final decision of the Commissioner.

    Thereafter the Plaintiff filed the present civil action pursuant to 42 U.S.C. §405(g), seeking judicial review of an adverse decision by the Defendant Commissioner of Social Security. The case was referred to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. §636(b)(1)(B). Both the Plaintiff and the Defendant filed motions for summary judgment [Docs. 13 and 14]. On May 13, 2013, the magistrate judge entered a report and recommendation ("R & R"), recommending that the Defendant's motion for summary

judgment be denied, and the Plaintiff's motion for summary judgment be granted in part by reversing the Secretary's decision under sentence four of 42 U.S.C. §§405(g) and 1383(c)(3), with a remand of the case to the Secretary for further proceedings [Doc. 16]. The Defendant filed a timely objection to the report [Doc. 17].

**II.     Standard of Review**

Pursuant to 28 U.S.C. §636(b)(1)(C), this Court must conduct a *de novo* review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." *See* **Webb v. Califano**, 468 F.Supp. 825 (E.D. Cal. 1979). Because the Defendant filed an objection, this Court will undertake a *de novo* review as to those portions of the report and recommendation to which objection was made.

An ALJ's findings will be upheld if supported by substantial evidence. *See* **Milburn Colliery Co. v. Hicks**, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" **Hays v. Sullivan**, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting **Richardson v. Perales**, 402 U.S. 389, 401 (1971)). Further, the "possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." **Sec'y of Labor v. Mutual Mining, Inc.**, 80 F.3d 110, 113 (4th Cir. 1996) (quoting **Consolo v. Fed. Mar. Comm'n**, 383 U.S. 607, 620 (1966)).

### III.   Discussion

In his R & R, the magistrate judge recommended that this case be remanded "for the sole reason that the ALJ failed to consider in his decision the [P]laintiff's having been awarded Medicaid benefits by the State of West Virginia for [eight] months." The Defendant, in objecting, argues that the Plaintiff was no longer eligible to receive Medicaid benefits at the time of the hearing, and that the particular Medicaid documents in question provided no basis on which to find the Plaintiff disabled, rendering any alleged error on the ALJ's part harmless. The Defendant accordingly prays that the Court decline to adopt the magistrate judge's R & R and instead affirm the decision of the ALJ.

An ALJ is required to consider decisions by other governmental agencies about whether a claimant is disabled, including Medicaid decisions, although such decisions are not binding on the ALJ. *See* Soc. Sec. Ruling 06-03p, 2006 WL 2329939, at *6-7 (Aug. 9, 2006). Failure to discuss a Medicaid decision can require remand. *See, e.g.,* **DeLoatche v. Heckler**, 715 F.2d 148, 150 n.1 (4th Cir. 1983); **Davis v. Astrue**, 2012 WL 555304 (E.D.N.C. Feb. 17, 2012), *adopting recommendation of magistrate judge*, 2012 WL 555782, at *5 (E.D.N.C. Jan. 5, 2012).

The specific records in question pertain to Medicaid benefits which the Plaintiff received between October 2008 and May 2009. Each of the relevant documents, addressed to the Plaintiff from the West Virginia Department of Health and Human Services, is entitled "Notice of Decision," and provides that the Plaintiff's application for "SSI Related Medicaid" has been approved for a specific one-month period. [R. 241-244, 251-264]. Each document, under the section entitled "Reason," simply states that "Your

assistance group met all eligibility requirements."

The Defendant alleges that any error committed by the ALJ in failing to specifically reference the Medicaid decisions was harmless, because the decisions themselves were conclusory and "[t]here was nothing for the ALJ to say . . . besides to note that he considered the forms in the context of the longitudinal record . . . [and the ALJ] expressly provided in his opinion that he considered the whole record."

However, where the Social Security Administration's own internal policy interpretation rulings affirmatively required the ALJ to consider evidence of a disability decision by another governmental agency, the ALJ was required to say "more than nothing."  **Watson v. Astrue**, 2010 WL 2772498, at *1 (E.D.N.C. July 9, 2010).  "The regulations governing Social Security cases . . . do not limit the required review of other agency's disability determinations to cases where the decision is 'substantive' . . . [r]ather, findings by other governmental agencies 'cannot be ignored and must be considered,' and the ALJ must 'explain the consideration given to these decisions.'" **Alexander v. Astrue**, 2010 WL 4668312, at *3 (E.D.N.C. Nov. 5, 2010) (citing  S.S.R. 06-03p, *supra*).  This is so because to the extent that "Medicaid decisions employ the same standards as the Social Security Administration uses in disability determinations," *Id.* at *4, such decisions are probative in situations such as the instant one where an agency has applied the same rules yet reached the opposite result from the Social Secuity Administration.  *Id.*

The Defendant cites a variety of cases for the proposition that the ALJ is not required to use "magic words" or to cite each and every piece of evidence on which he relies.  See, e.g., **Vest v. Astrue**, 2012 WL 4503180, at *2 (W.D. Va. Sept. 28, 2012)

5

(finding that "[t]he fact that the ALJ uses the word 'meet' instead of the words 'meet or equal' when he discusses the impact of [claimant's] obesity at step three of the analysis is of no moment; the ALJ's opinion makes clear that he considered [the claimant's] combination of impairments and determined that they do not meet *or* medically equal a listed impairment.") (emphasis in original); **Broughman v. Astrue**, 2008 WL 5381573, at *3 (W.D. Va. Dec. 19, 2008) (finding that "[n]otwithstanding the ALJ's failure to specifically reference the 1999 psychological evaluation, his decision is supported by substantial evidence . . . [t]he ALJ is not obligated to discuss every single piece of evidence in the record, and his failure to cite a specific piece of evidence is not an indication that the evidence was not considered.") (citations omitted).  However, the instant situation is distinguishable because the Social Security Administration's own rules required the ALJ to make specific findings with regard to the subject Medicaid decisions.

**Bean v. Astrue**, 2011 WL 976605, at *2 (E.D. Va. March 17, 2011), is inapposite because the court in that case found that "[a]lthough the VA determination was not binding on the ALJ, the record reflects that the ALJ did not completely exclude it from consideration."  There is no such indication in this case.

**Overstreet v. Astrue**, 2012 WL 4355505, at *6 (E.D.N.C. Sept. 21, 2012), is likewise inapposite because the court in that case found that "the ALJ committed no error in not considering the 2009 Medicaid decision because it was not part of the record before him."  There is no such allegation in the instant case.

All of the foregoing compels this Court to conclude, in the same vein as the magistrate judge, that the ALJ's failure to consider the award of Medicaid benefits to the

Plaintiff cannot be said to constitute harmless error, because the Court cannot determine whether the ALJ considered and discounted the same evidence on which the West Virginia Medicaid decision was based. Accordingly, the Defendant's objection is **OVERRULED**, and this case is remanded under 42 U.S.C. §405(g). Specifically, the Commissioner is to take into consideration the Plaintiff's award of Medicaid by the West Virginia Department of Health and Human Services for the months of October 2008 through May 2009. In doing so, the Court expresses no opinion on how the Defendant should view the evidence or what findings Defendant should make. These issues are for the Defendant to consider and resolve.

### IV. Conclusion

In sum, the Court **ADOPTS** the conclusions in the R & R **[Doc. 16]**. Defendant's Objection **[Doc. 17]** is **OVERRULED**, Defendant's Motion for Summary Judgment **[Doc. 14]** is **DENIED**, Plaintiff's Motion for Summary Judgment **[Doc. 13]** is **GRANTED IN PART**, and this action is **REMANDED** to the Commissioner for proceedings as set forth in this Order and the R & R.

It is so **ORDERED**.

The Clerk is directed enter a separate judgment order and transmit copies of this Order to all counsel of record and/or *pro se* parties.

**DATED:** June 19, 2013.

GINA M. GROH
UNITED STATES DISTRICT JUDGE